Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000131
28-JUN-2018
08:10 AM

NO. CAAP-18-0000131

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
LANCE KAMUELA GOMES, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5DCC-17-0000454)

ORDER
DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Ginoza, Chief Judge, Leonard and Reifurth, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over the appeal of Defendant-Appellant Lance Kamuela Gomes (**Gomes**), pro se, in appellate court case number CAAP-18-0000131. It appears that Gomes seeks review of the Honorable Michael Soong's January 14, 2018 interlocutory order reflecting Gomes' plea of not guilty to the charge of criminal trespass in the second degree in violation of HRS § 708-814 (Supp. 2017) and ordering that Gomes appear for bench trial in district court criminal case number 5DCC-17-0000454 on March 15, 2018.

"The right to an appeal is strictly statutory." State v. Ontiveros, 82 Hawai'i 446, 449, 923 P.2d 388, 391 (1996) (citation omitted). The Hawai'i Intermediate Court of Appeals has jurisdiction "[t]o hear and determine appeals from any court

or agency when appeals are allowed by law[.]" HRS § 602-57(1) (2016). HRS § 641-12(a) (2016) is the statute providing that "[a]ppeals upon the record shall be allowed from all final decisions and final judgments of district courts in all criminal matters." Consequently, "in order to appeal a criminal matter in the district court, the appealing party must appeal from a written judgment or order that has been filed with the clerk of the court pursuant to HRAP Rule 4(b)(3)." State v. Bohannon, 102 Hawai'i 228, 236, 74 P.3d 980, 988 (2003); see also Rule 32(c)(2) of the Hawai'i Rules of Penal Procedure. And even when the district court enters a judgment of conviction, "[j]udgments of conviction are not final unless they include the final adjudication and the final sentence." State v. Kilborn, 109 Hawai'i 435, 442, 127 P.3d 95, 102 (App. 2005) (dismissing an appeal from a district court judgment of conviction that did not finally determine the entire sentence).

In the instant case, it appears that the district court did not hold a bench trial on March 15, 2018. Instead, the district court continued the trial pending the resolution of this appeal. Absent an appealable final judgment, however, the January 14, 2018 interlocutory order is not eligible for appellate review, and Gomes's appeal is premature.[1]

//

//

//

//

---

[1] "Generally, the filing of a notice of appeal divests the trial court of jurisdiction over the appealed case." TSA International Limited v. Shimizu Corporation, 92 Hawai'i 243, 265, 990 P.2d 713, 735 (1999) (citations omitted). "The general rule, however, assumes that the notice of appeal is valid under the applicable statutory provisions and procedural rules. Where the notice of appeal is jurisdictionally defective, filing the notice does not transfer jurisdiction from the trial court to the appellate court." Ontiveros, 82 Hawai'i at 449, 923 P.2d at 391 (citations omitted; emphasis added).

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-18-0000131 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, June 28, 2018.

Chief Judge

Associate Judge

Associate Judge

-3-